IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                  No. CIV 05-872 WJ/LCS
                                     No. CR 04-0075 WJ

JOEY CANDELARIA,

        Defendant/Movant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed August 17, 2005 [Docket #1]. Defendant attacks the Judgment and Sentence entered on August 24, 2004, in the case styled *United States of America v. Joey Candelaria*, CR 04-0075 WJ, United States District Court for the District of New Mexico. The United States Magistrate Judge, having reviewed the Petition and considered the submissions of the parties, including the government's brief on the evidence, the record herein, relevant authorities, and being otherwise fully advised, recommends that Defendant's Petition be **DENIED**.

        **I.**        **Procedural History**

        1.        On December 17, 2003 an arrest warrant was issued for Defendant Joey Candelaria by the United States District Court for the District of New Mexico and Defendant was subsequently arrested on December 18, 2003. The warrant and arrest arose from several incidents taking place in Bernalillo County, New Mexico on October 15, 2003.

        2.        On January 13, 2004, Defendant was indicted on five separate counts relating to

the events of October 15, 2003. [Docket #9; 04cr075] Mr. Candelaria was charged with two counts of Carjacking in violation of 18 U.S.C. § 2119, two counts of Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A), and one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The Defendant was arraigned on January 22, 2004, at which time he pleaded not guilty. [Docket #11; 04cr0075].

3. On May 28, 2004, the Defendant entered a plea of guilty before the Honorable Alan C. Torgerson, United States Magistrate Judge, pursuant to a plea agreement in which he pleaded guilty to Counts I and II of the Indictment. [Docket #26; 04cr0075] The parties stipulated, pursuant to FED. R. CRIM. P. 11(c)(1)(C), to a sentence of 20 years (240 months) in the custody of the Bureau of Prisons. Id. It was agreed that the term of supervised release would not exceed five (5) years and that restitution, fine, and special assessment would be determined by the Court. Id. In exchange for the plea, the United States agreed to drop Counts III-V of the indictment.

4. On August 23, 2004, Mr. Candelaria appeared for sentencing before the Honorable William P. Johnson, United States District Judge. The Court accepted the plea agreement and guilty plea and sentenced the Defendant to 120 months as to Count I and 120 months as to Count II for a total term of imprisonment of 240 months. [Docket #28; 04cr0075] Additionally, Defendant received a three year period of supervised release and a special penalty assessment of $100.00. [Id.]

5. On August 17, 2005, Defendant filed the present motion to set aside the sentence pursuant to 28 U.S.C. § 2255. [Docket #1]. The § 2255 Motion is timely under the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2255, FED. R. APP. P. 4(b)(1)(A).

The United States filed its Response to Defendant's Motion on October 19, 2005. [Docket #6] On March 23, 2006, this Court entered an Order [Docket #12] directing the Plaintiff to file a brief outlining the evidence, other than the recanted testimony of Josie Smith, it would have presented had the matter gone to trial. The United States filed this brief on April 5, 2006. [Docket #13] Petitioner was given until April 21, 2006 to respond to the government's brief, but did not file a response.

**II.     Analysis**

6.  Defendant raises the following issues in his Petition:

> I.   Ineffective Assistance of Counsel based on Failure to Pursue Recanted Testimony
>
> II.  Illegal Sentence and Conviction based on False Testimony

**Ineffective Assistance of Counsel**

7.  A claim of ineffective assistance of counsel is a mixed question of law and fact. *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002). To prevail on this claim, Mr. Candelaria must demonstrate both deficient performance and prejudice. He must show that counsel made errors that were so serious that his performance could not be considered "reasonable under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court need not address both prongs of the inquiry if Mr. Candelaria makes an insufficient showing of either deficient performance or prejudice. *Id.* at 697.

8.  In evaluating a claim of ineffective assistance, there is a strong presumption that counsel has rendered adequate assistance and used reasonable professional judgment in making all significant decisions. *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995). In assessing

whether counsel's performance was "objectively reasonable," a reviewing court must take care to "avoid the distorting effects of hindsight" and must instead, "reconstruct the circumstances of counsel's challenged conduct . . . and evaluate the conduct from counsel's perspective at the time." *Minner v. Kirby*, 30 F.3d 1311, 1316 (10th Cir. 1994).

9. Under the second prong of *Strickland*, Defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the prior proceeding. *Id.* Mr. Candelaria, in alleging ineffective assistance, bears the burden of alleging facts which, if proved, would entitle him to relief. Mere conclusory allegations without factual support are insufficient to meet this burden. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

10. Mr. Candelaria's allegation of ineffective assistance centers on the contention that his attorney knew witness Josie Smith's statement implicating him in Counts I and II was false and that his attorney forced him to accept the plea agreement rather than investigating the alleged false statements. Prejudice in the context of a guilty plea requires Petitioner to show that there is a reasonable probability that, "but for counsel's errors, the result of the proceeding would have been different." *Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999).

11. I first note that Petitioner's criminal history category upon indictment was VI. As to Count I, to which Petitioner entered a plea of guilty, the offense level is 31, which establishes a guideline sentence of 188 to 235 months. As to Count II, to which Petitioner also entered a plea of guilty, there is a required sentence of ten years, which must run consecutive to any other sentence imposed. Pursuant to the plea agreement, the United States agreed to dismiss Counts

III-V of the indictment and to stipulate to a sentence of 240 months.  [Docket #26; 04cr0075]  This sentence is in contrast to the 720 months Mr. Candelaria faced when charged on all counts.

12.     Prejudice in the context of a guilty plea requires a showing by Petitioner that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also United States v. Salazar*, 323 F.3d 852, 857 (10th Cir. 2003).  Even assuming *arguendo* that Petitioner's attorney, Mr. Jameson, unreasonably failed to pursue the allegations of false statements by Ms. Smith, Mr. Candelaria cannot show he was prejudiced by this omission within the meaning of *Strickland*.

13.     Mr. Candelaria bases his ineffective assistance claim almost exclusively on an affidavit from Ms. Smith in which she recants her earlier testimony with respect to Counts I and II. [Docket #1; pp. 7-8]  However, he has provided no such evidence with respect to the incidents surrounding Counts III-V.  Presumably, the United States would have pursued Counts III, IV and V had Mr. Candelaria not pleaded guilty to Counts I and II.

14.     Additionally, even if Ms. Smith did, as she now contends, recant her testimony prior to sentencing, there is no guarantee that the United States would have dropped Counts I and II.  During sentencing, U.S. attorney Mr. Spiers advised the Court of the government's intention to proceed to trial even should witnesses recant their testimony.[1]  [Trans. 3-4]  As outlined in the government's brief on the evidence [Docket #13], the United States would have presented testimony from the Defendant's wife, Regina Ayon, who was also a witness to the carjacking and

---

[1] The witnesses in question included Josie Smith, the Defendant's sister-in-law, and Edward Chavez, a friend of Defendant.  Because of their relationship to Defendant, recantation was apparently a concern of the prosecution.

5

who provided statements substantially similar to those Ms. Smith later recanted. Id. The United States would also have presented the testimony of Officer D. Parsons of the Albuquerque Police Department (APD), who spoke with Ms. Ayon and Ms. Smith at the scene of the crime. Id. Additionally, the testimony of APD Field Technician D. Armstrong would have been offered. Mr. Armstrong processed Ms. Smith's vehicle on the day of the incident and found a projectile located on the right front floorboard and also recovered Defendant's driver's license from the vehicle's glove compartment. Id.

15. Given this evidence, it is entirely possible, if not probable, that a jury would have found Ms. Smith's recantation incredible. As such, I believe counsel was within the range of competent assistance to advise his client to enter a plea of guilty, even in the event he did have knowledge of Ms. Smith's recantation, and Mr. Candelaria cannot show that he was prejudiced as a result of Mr. Jameson's advice. As such, I recommend Mr. Candelaria's petition based on ineffective assistance of counsel be denied.

**Illegal Sentence based on False Testimony**

16. Mr. Candelaria next argues that his sentence was illegal because it was based on the false testimony of Josie Smith, who later recanted her statement to police. Regardless of Ms. Smith's statements, Petitioner must overcome the fact of his guilty plea. "[T]he representations of the defendant . . . at [a plea] hearing . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-4, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

17. Petitioner entered his guilty plea before the Honorable Alan C. Torgerson, United States Magistrate Judge, on August 30, 2005. During the plea hearing, Mr. Spiers recounted the

facts the government would prove at trial by competent and admissible evidence as to Counts I and II. Judge Torgerson engaged in an extensive colloquy with Mr. Candelaria to ensure that his plea was knowing and voluntary. The transcript contains the following colloquy:

> Q: Is anyone forcing you to plead guilty?
> A: No, sir.
> Q: Has anyone threatened you or coerced you in any way in order to get you to plead guilty?
> A: No, sir.
>
> *   *   *   *   *   *
>
> Q: Do you feel like you have had sufficient opportunity to meet with your attorney to talk about all the facts and circumstances of your case?
> A: Yes, sir.
>
> *   *   *   *   *   *
>
> Q: Did you sign this plea agreement freely and voluntarily?
> A: Yes, sir.
>
> *   *   *   *   *   *
>
> Q: [D]id you hear what the Assistant United States Attorney said that he believes the government could prove by competent admissible evidence if this matter were to proceed to trial?
> A: Yes, sir.
> Q: [D]o you admit that if this case were to proceed to trial, the government could prove those essential facts?
> A: Yes, sir.

The record of the plea colloquy in this matter contains no ambiguities and reveals that Mr. Candelaria understood and agreed to the terms of his plea agreement, such that the plea was knowing and voluntary. *See Blackledge*, 431 U.S. at 79, 97 S.Ct. at 1632.

    18.    Mr. Candelaria also seeks an evidentiary hearing on this claim. I do not believe he

is entitled to such a hearing as he has failed to overcome the other evidence presented against him. An evidentiary hearing will be warranted when "adequate allegations [with a] sufficient basis in fact" have been made. *Id.* Alternatively, summary dismissal without an evidentiary hearing will be appropriate when the Court is faced with "subsequent . . . contentions that in the face of the record are wholly incredible." *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996). Even given Ms. Smith's recantation, the government presented sufficient evidence such that a reasonable jury could have found Mr. Candelaria guilty. Furthermore, I do not find Ms. Smith's affidavit to be credible. She did not tender her affidavit recanting her testimony until August 5, 2005, almost a year after Mr. Candelaria was sentenced. The affidavit was also executed only 12 days prior to the filing of the current habeas petition. Additionally, Ms. Smith is Mr. Candelaria's sister-in-law and the nature of this relationship does not lend credence to her subsequent recantation.

19.     The Eleventh Circuit recently announced the standard for the granting of habeas relief on the basis of a recanted statement: "[Petitioner must] establish clearly and convincingly that no reasonable factfinder aware of the statements . . . would find [Petitioner] guilty." *In re: Rutherford*, 437 F.3d 1125, 1127 (11th Cir. 2006). I do not believe that to be the case here. The Tenth Circuit has held that sustaining a conviction "when a credible recantation of the testimony in question would most likely change the outcome of the case" constitutes a due process violation. *Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997). Because I do not believe Ms. Smith's recantation is credible, because I believe a reasonable jury could have found Mr. Candelaria guilty even given Ms. Smith's recantation, and because I believe Mr. Candelaria's guilty plea was made knowingly and voluntarily, I recommend his petition for illegal sentence based on false testimony be denied.

## **RECOMMENDATION**

I recommend that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed August 17, 2005 [Docket #1] be **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten-day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**